# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Chamita Laverne Griffin,**<br>***Plaintiff***<br><br>**v.**<br><br>**Walmart Inc., Workday, Inc., and Jane Doe,**<br>***Defendants*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 1:26-cv-01778-ABD-SH** |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ANDREW B. DAVIS**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Chamita Laverne Griffin's Complaint (Dkt. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), both filed July 1, 2026.[1]

This is the fourth suit Griffin has filed in this Court in less than six months. *Griffin v. PepsiCo, Inc.*, No. 26-cv-00160-ADA (W.D. Tex. Jan. 22, 2026) (dismissed under Rule 12(b)(6) for failure to state a plausible claim for relief); *Griffin v. Bastrop Cnty., Tex.*, No. 26-cv-01841-RP-ML (W.D. Tex. July 7, 2026) (dismissed as frivolous); *Griffin v. Capital One Auto Finance*, No. 26-cv-01924-ABD-SH (W.D. Tex. July 13, 2026) (removed from the 250th District Court of Travis County, Texas; motion to dismiss pending).

## I. *In Forma Pauperis Status*

Plaintiff Chamita Laverne Griffin, proceeding *pro se*, moves for leave under 28 U.S.C. § 1915(a)(1) to file her Complaint *in forma pauperis* without having to pay the filing fee. Under

[1] The Honorable Andrew Davis referred the motion to proceed *in forma pauperis* to this Magistrate Judge for disposition and for a recommendation as to whether the case should be dismissed as frivolous pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Judge Davis's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

§ 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security thereof" if the plaintiff shows by affidavit that she cannot pay such fees or security. A plaintiff need not "be absolutely destitute" or spend "the last dollar they have" toward the payment of court costs to enjoy the benefit of *in forma pauperis* status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide' himself and dependents with the necessities of life." *Id.*

Based on her financial affidavit, the Court finds that Griffin cannot pay the filing fee without experiencing undue financial hardship and **GRANTS** Griffin's Application for *in forma pauperis* status. Griffin is advised that although she has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the end of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994). Because the Court recommends that her Complaint be dismissed under Section 1915(e)(2), service is not ordered at this time.

## II. Section 1915(e)(2) Frivolousness Review

Because Griffin has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e). A court may dismiss a complaint filed *in forma pauperis* if the court concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of

action" will not suffice to state a claim on which relief may be granted. *Id.* While *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), plaintiff's *pro se* status offers "no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Griffin brings this suit under 42 U.S.C. § 1981 against Defendants Walmart Inc. d/b/a Walmart Spark, Workday, Inc., and Jane Doe. Griffin alleges that she worked as a delivery driver for Walmart Spark, "a delivery platform operated by Walmart," from 2021 through 2025. Complaint, Dkt. 1 ¶ 6. She alleges that Walmart deactivated her Walmart Spark driver account on January 23, 2025, after a customer (Jane Doe) falsely reported that Griffin returned to the customer's residence after a delivery. *Id.* ¶¶ 17-18, 43b. Although Walmart informed Griffin that her account was terminated because of the consumer privacy violation, she contends that the real reason for the deactivation of her account was her race (Black). She asserts racial discrimination and retaliation under 42 U.S.C. § 1981 and state-law claims for breach of contract, tortious interference with existing contract, negligence, defamation, and wrongful termination in violation of public policy.

**A. Section 1981 Claims**

Section 1981(a) of the Civil Rights Act of 1866 provides: "All persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The statute defines the phrase "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).

**1. Discrimination Claim**

To establish a § 1981 claim for contractual discrimination, a plaintiff must allege that (1) she is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, such as the making, performance, or termination of a contract. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017). In addition, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).

Griffin alleges that Walmart deactivated her Spark Driver account on the basis of her race and contends that she has "direct evidence" of racial discrimination. Dkt. 1 ¶ 61. Griffin alleges that after her account was terminated, she called Walmart and spoke to Defendant's retained counsel "regarding her deactivation and her demands for reinstatement and compensation." *Id.* ¶¶ 25, 30(e). Griffin alleges that during this conversation, after she told Walmart's counsel: "I don't walk around here lying on anybody, I can't live a lie ever," he said: "that's rare." *Id.* ¶ 30(e). Griffin alleges that Walmart's counsel's comment was "in direct reference to Plaintiffs honesty as a Black woman" and is "a racially charged statement constituting direct evidence of racial stereotyping." *Id.*

To determine whether comments in the workplace constitute "direct evidence" of discrimination or only "stray remarks," courts look to four factors: "whether the comments are (1) related to the plaintiff's protected characteristic; (2) proximate in time to the challenged employment decision; (3) made by an individual with authority over the challenged employment decision; and (4) related to the challenged employment decision." *Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F.3d 473, 476 (5th Cir. 2015). In applying this test, the Court's ultimate focus is whether the comments prove "without inference or presumption, that race was a basis in employment decisions" in the plaintiff's workplace. *Id.*

Walmart's counsel's "that's rare" comment does not meet this test. The comment was unrelated to Griffin's race and would require an inference or presumption to show that race was a basis for the employment decision. Griffin does not show direct evidence of discrimination.

Griffin also does not state a plausible discrimination claim based on circumstantial evidence because she does not plead sufficient facts to show that her contract would not have been terminated "but for her race." *Comcast*, 589 U.S. at 341. She does not allege specific facts to show that similarly situated non-minorities were treated differently from her or that the accounts of white drivers who were accused of invading a customer's privacy were not terminated. Griffin's conclusive and speculative allegations of race discrimination do not state a plausible discrimination claim under § 1981. *Body by Cook*, 869 F.3d at 387.

**2. Retaliation Claim**

Griffin also alleges that Defendants retaliated against her after she engaged in protected activity in violation of 42 U.S.C. § 1981. The elements of a § 1981 retaliation claim are (1) that the plaintiff engaged in activities protected by § 1981; (2) that an adverse action followed; and (3) a causal connection between the protected activities and the adverse action. *Id.* at 390. A protected activity is either (1) opposing race discrimination or (2) participating "in an investigation, proceeding, or hearing under this subchapter." *Yarbrough v. SlashSupport, Inc.*, 152 F.4th 658, 667 (5th Cir. 2025), *cert. denied*, 146 S. Ct. 1817 (2026).

Griffin alleges that she engaged in protected activity by "persistently asserting her contractual rights under the Spark Driver Agreement through repeated contacts with Defendant in the weeks preceding January 23, 2025, and by disputing the adverse actions taken against her." Dkt. 1 ¶ 76. She contends that Defendants retaliated against her by permanently deactivating her account on January 23, 2025.

These allegations do not state a plausible retaliation claim under § 1981 because asserting rights under the driver agreement is not opposing race discrimination. In addition, while complaining about adverse employment actions based on race is protected activity, Griffin alleges that she made those complaints after her account was deactivated, not before. She has not alleged a causal connection between the adverse action and the protected activity. *Body by Cook*, 869 F.3d at 390. Accordingly, Griffin has not alleged a plausible retaliation claim under § 1981.

**B. State-law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). The Court has wide discretion to dismiss state-law claims when the federal claims to which they are pendent are dismissed. *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998).

Because Griffin's federal claims are subject to dismissal, this Magistrate Judge recommends that the Honorable Andrew Davis decline to exercise pendent jurisdiction over her state-law claims and dismiss those claims for lack of subject matter jurisdiction. *See Gibbs*, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.").

## III. Order

The Court **GRANTS** Griffin's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2).

## IV. Recommendation

This Magistrate Judge **RECOMMENDS** that the Honorable Andrew Davis **DISMISS** Plaintiff's federal claims for failure to state a claim for relief under 28 U.S.C. § 1915(e) and **DECLINE** to exercise pendent jurisdiction over her state claims and dismiss those for lack of subject matter jurisdiction.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Andrew B. Davis.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 23, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE